UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

THE NEW YORKER HOTEL
MANAGEMENT COMPANY, INC.,

                Plaintiff,

-against-

MICKEY BARRETO; "JOHN DOE"; "JANE DOE",

                Defendants.

22-CV-2960 (LTS)

ORDER

---

LAURA TAYLOR SWAIN, Chief United States District Judge:

Defendant Mickey Barreto, who is appearing *pro se*, filed a notice removing to this Court an action that was pending in the Civil Court of the City of New York, County of New York, Housing Part. *See* Index No. LT-306742/2021.[1] For the reasons set forth below, the action is remanded to the Civil Court of the City of New York, County of New York.

### STANDARD OF REVIEW

A defendant in a state-court action may remove a matter to federal district court if the district court has original jurisdiction over the action. 28 U.S.C. § 1441(a). To remove a state-court action to a federal district court:

> [a] defendant . . . shall file in the district court of the United States for the district and division within which such action is pending a notice of removal signed pursuant to Rule 11 of the Federal Rules of Civil Procedure and containing a short and plain statement of the grounds for removal, together with a copy of all

---

[1] Barreto did not file an application to proceed *in forma pauperis* or pay the $402.00 in fees required to remove an action to this court. At this stage, however, such an application seeking waiver of the filing fee would be moot because the Court has determined that Plaintiff improperly removed the action, and this order remands the matter to state court and closes the proceeding. *See Martin-Trigona v. Shiff*, 702 F.2d 380, 386 (2d Cir. 1983) ("The hallmark of a moot case or controversy is that the relief sought can no longer be given or is no longer needed.").

> process, pleadings, and orders served upon such defendant or defendants in such action.

28 U.S.C. § 1446(a). The right of removal is "entirely a creature of statute," and the "statutory procedures for removal are to be strictly construed." *Syngenta Crop Protection, Inc. v. Henson*, 537 U.S. 28, 32 (2002). A federal district court may *sua sponte* remand an action within 30 days of the filing of the notice of removal for a procedural defect, or at any time for a lack of subject matter jurisdiction. *See* 28 U.S.C. § 1447(c); *Mitskovski v. Buffalo & Fort Erie Pub. Bridge Auth.*, 435 F.3d 127, 131-33 (2d Cir. 2006); *Hamilton v. Aetna Life & Cas. Co.*, 5 F.3d 642, 643-44 (2d Cir. 1993).

## BACKGROUND

On September 23, 2021, Petitioner New Yorker Hotel Management Company, Inc., filed a holdover petition in the City Court of the City of New York, County of New York, Housing Part, against Barreto and two unidentified Doe defendants. (*See* ECF 3-6.) The Petition alleges that Barreto is a tenant of Room 2565 in the building known as the New Yorker Hotel, which is located at 481 Eighth Avenue in Manhattan. Barreto's lease expired on July 7, 2021, but he continued in possession of the premises without Petitioner's permission. Petitioner seeks, among other relief, a final judgment awarding possession of the premises to Petitioner, a money judgment for $169,860.00, and a judgment for the fair market value of use an occupancy of the premises.

On March 28, 2022, Petitioner filed a notice of a motion for summary judgment in the state court, in which Petitioner asked the court to: (1) dismiss Barreto's affirmative defenses, grant summary judgment in favor of Petitioner, (2) grant Petitioner a hearing to determine fair market use and occupancy, (3) amend the caption and petition to correct the spelling of Barreto's

first name,[2] and (4) to grant any other relief the court deems just and proper. (*See* ECF 1-1, at 2-17.)

On April 8, 2022, Barreto filed a notice of removal purporting to remove the action to this Court. (ECF 1.) He alleges that the notice of removal is timely because he filed it within 30 days of his receipt of service of Petitioner's notice of motion for summary judgment, which Barreto refers to as an "Amendment." (*Id.* at 7.) He further alleges that the Court has both federal question jurisdiction and diversity of citizenship jurisdiction of this action.

## DISCUSSION

**A.     Timeliness**

The notice of removal appears untimely. A notice of removal must be filed within 30 days of the defendant's receipt of a pleading, motion or other paper indicating grounds for removal. *See* 28 U.S.C. § 1446(b). Petitioner filed this action in the state court on September 23, 2021. (*See* ECF 3-6.) Barreto argues that removal is timely under 28 U.S.C. § 1446(b)(3) because he filed it within 30 days of receiving Petitioner's notice of motion for summary judgment. (ECF 1, at 7.) Section 1446(b)(3) allows for a notice of removal to be filed "within 30 days after receipt by the defendant . . . of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." Barreto alleges no facts, however, suggesting that his purported grounds for removal were "first . . . ascertained" when he received Petitioner's notice of motion for summary judgment. Barreto's notice of removal therefore appears untimely.

---

[2] Petitioner's motion sought to amend the caption and petition so that Barreto's first name was spelled "Mickey" rather than "Micky." (ECF 1-1, at 3.)

Even if Barreto's notice of removal was timely, he fails to establish that this Court has subject matter jurisdiction of this action.

**B.     Subject Matter Jurisdiction**

Barreto's notice of removal does not demostrate that this Court has subject matter jurisdiction of this action. A defendant in a state court action may remove a matter to a federal district court only if the district court has original jurisdiction of the action. 28 U.S.C. § 1441(a).

1.     Federal Question Jurisdiction

To invoke federal question jurisdiction, a plaintiff's claims must arise "under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. A case arises under federal law if the complaint "establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." *Bay Shore Union Free Sch. Dist. v. Kain*, 485 F.3d 730, 734-35 (2d Cir. 2007) (quoting *Empire Healthchoice Assur., Inc. v. McVeigh*, 547 U.S. 677, 690 (2006)).

In the context of removal, the "well-pleaded complaint" rule determines whether an action arises under the Constitution, laws, or treaties of the United States. Under the "well-pleaded complaint rule, . . . federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Rivet v. Regions Bank of Louisiana*, 522 U.S. 470, 475 (1998) (internal quotation marks and citations omitted). Whether a case is one arising under federal law "must be determined from what necessarily appears in the plaintiff's statement of his own claim in the bill or declaration, unaided by anything alleged in anticipation of avoidance or defenses which it is thought the defendant may interpose." *Franchise Tax Bd. of State of California v. Construction Laborers Vacation Trust for Southern California*, 463 U.S. 1, 10 (1983); *see also City of Rome, N.Y. v. Verizon Commc'ns Inc.*, 362 F.3d 168, 175 (2d Cir. 2004) (holding that in assessing whether there is federal question jurisdiction, the court must

4

look to see if the well-pleaded complaint asserts a federal claim on its face and that "[t]he mere existence or invocation of a federal defense does not furnish a sufficient basis for jurisdiction to attach.").

Here, Barreto asserts that the Court has federal question jurisdiction of this action because "the subject matter of the Amendment is of interest to the United States." (ECF 1, at 10.) Barreto alleges that Petitioner "owns businesses in North Korea in partnership with and under the control of the Government of North Korea and [Petitioner] is controlled by Dr. Han aka The Government of North Korea, therefore, [Petitioner] is [t]he government of North Korea pursuant to 31 C.F.R. §§ 510.311, 510.411."[3] (*Id.* at 2.) Barreto asserts that because of Petitioner's status as the "government of North Korea," it is a "state sponsor of terrorism" and it violates "sanctions imposed by the U.S. Office of Foreign Asset Control (OFAC)." (*Id.* at 3.). He further alleges that "[a]ny orders that direct the transfer of any rights, titles, control, etc., back to [Petitioner] without an OFAC license should be considered 'null and void' pursuant to 31 C.F.R. § 510.202(e)."[4] (*Id.* at 6.) Barreto also identifies himself as an "elected leader" of The Beautiful Nation of the Moon and of the Sun, which he describes as "an Indian Tribe." (*Id.* at 5, 12.) Based on these allegations, he argues that the notice of motion for summary judgment presents a federal question because it "questions [his] immunity as a tribal leader, and as the representative of a foreign sovereign." (*Id.* at 12.)

---

[3] The regulations cited by Barreto relate to sanctions imposed on the North Korean government. The first regulation, 31 C.F.R. § 510.311, defines the term "Government of North Korea" for the purposes of sanctions. The second regulation, 31 C.F.R.§ 510.411, pertains to entities that are owned by one or more persons who are "blocked" under the sanctions.

[4] This regulation also relates to sanctions on North Korea and provides, "[u]nless licensed pursuant to this part, any attachment, judgment, decree, lien, execution, garnishment, or other judicial process is null and void with respect to any property and interests in property blocked pursuant to § 510.201." 31 C.F.R. § 510.202.

Even assuming the truth of Barreto's factual assertions, nothing in the original petition or notice of motion for summary judgment demonstrates the existence of a federal question. To the extent Barreto makes these assertions as affirmative defenses, such defenses are not part of the complaint. *See Rivet*, 522 U.S. at 475 ("A defense is not part of a plaintiff's properly pleaded statement of his or her claim."). The petition itself is rather a simple holdover action brought by a landlord to remove a tenant from the premises, and federal courts do not have jurisdiction of landlord-tenant matters, even when those claims purport to reference or rely on federal law. *See, e.g.*, *Ally v. Sukkar*, 128 F. App'x 194, 195 (2d Cir. 2005) (amended summary order) ("[A] landlord-tenant dispute [is one] over which the federal courts simply have no [federal question] jurisdiction."); *29 Flatbush Ave. Assocs., LLC v. Cain*, No. 17-CV-6173, 2017 WL 5696485, at *2 (E.D.N.Y. Nov. 27, 2017) ("The law is well settled that the landlord-tenant relationship is fundamentally a matter of state law, and federal courts lack subject-matter jurisdiction over state residential landlord-tenant matters."); *United Mut. Houses, L.P. v. Andujar*, 230 F. Supp. 2d 349, 354 (S.D.N.Y. 2002) (noting that "the landlord-tenant relationship is fundamentally a matter of state law" and that "[t]ime and again, district courts have disclaimed jurisdiction over landlord-tenant disputes") (citation and quotations marks omitted)).

Because this action does not present a federal question on its face and is rather a landlord-tenant dispute which is a matter of state law, the Court does not have federal question jurisdiction of this action.

2.    Diversity Jurisdiction

Barreto also asserts that the Court has diversity jurisdiction of this action. Federal courts have diversity jurisdiction of "civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States." *Hallingby v. Hallingby*, 574 F.3d 51, 56 (2d Cir. 2009) (citing 28 U.S.C. § 1332(a)(1)). Barreto

alleges that the parties are diverse because Petitioner is "a foreign state" and Barreto is a citizen of the State of New York. (ECF 1, at 10; *see also id.* at 9 ("[Barreto] is, for purposes of citizenship diversity, a citizen of the state of New York.").) An action cannot be removed on the ground of diversity jurisdiction, however, if any defendant is a citizen of the forum state. *See Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 90 (2005) (removal on the basis of diversity is statutorily prohibited under 28 U.S.C. § 1441(b)(2) if any "part[y] in interest properly joined and served as [a] defendan[t] is a citizen of the State in which [the] action is brought."); *Handelsman v. Bedford Vill. Assocs. Ltd. P'ship*, 213 F.3d 48, 50 n.2 (2d Cir. 2000) ("Because [Defendant] was a citizen of New York, he was not entitled to remove to federal court" in New York.) Because Barreto, who is the defendant in the state court action, is a citizen of New York, he may not remove the Petition to this Court on the basis of diversity jurisdiction.

For all these reasons, the Court concludes that removal of this case is improper. Thus, the action is remanded to the Civil Court of the City of New York, County of New York, Housing Part. *See Mitskovski v. Buffalo & Fort Erie Pub. Bridge Auth.*, 435 F.3d 127, 131 (2d Cir. 2006) (noting that the Circuit has "interpreted section 1447(c) to authorize a remand for either a procedural defect asserted within 30 days of the filing of notice of removal or a lack of subject matter jurisdiction").

## CONCLUSION

Because removal of this action is improper, it is remanded under 28 U.S.C. § 1447(c) to the Civil Court of the City of New York, County of New York, Housing Part. The Clerk of Court

is directed to send a copy of this order to that court and to close this action. All pending matters are terminated.

Dated:   April 29, 2022
         New York, New York

                                          /s/ Laura Taylor Swain
                                         LAURA TAYLOR SWAIN
                                      Chief United States District Judge